USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FELTENSTEIN,

                Plaintiff,

-against-

CITY OF NEW ROCHELLE,

                Defendant.

No. 14-cv-5434 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Jennifer Feltenstein initiated this action against the City of New Rochelle ("Defendant" or "the City"), alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, New York Executive Law § 296, and New York Civil Rights Law § 40. (*See* Complaint ("Compl.") ¶ 1, ECF No. 1.) Before the Court are Parties' proposed findings of fact and conclusions of law and evidentiary submissions on the issues of liability and damages.

For the following reasons, the Court finds in favor of Defendant.

## BACKGROUND

Familiarity with the factual and procedural backgrounds of this matter is presumed, and both are broadly summarized below.

Defendant owns and manages the multi-story New Roc parking garage structure located at 50 Harrison Street, New Rochelle, New York ("the New Roc Garage" or the "Garage"). At the time of Plaintiff's Complaint, all accessible spaces in the Garage were van accessible and were clustered on the ground, basement, level. (Pl.'s Proposed Findings of Fact & Conclusions of Law ("Pl's Facts & Law") ¶ 4, ECF No. 102); (Def.'s Proposed Findings of Fact & Conclusions of Law ("Def.'s Facts & Law") ¶ 16.) The spaces on that level of the Garage were

1

located by the shortest accessible route of travel to the pedestrian entrance on Huguenot Street. (Def.'s Exs., Ex. E, Marinelli Affidavit ¶ 17); (Def.'s Exs., Ex. H.)

Plaintiff and her family often, using the family handicapped-accessible van, park in the Garage when they go to the movies and other establishments near the New Roc Garage. Plaintiff is confined to a wheelchair and, because the only designated accessible parking spaces were located in the lower level of the Garage while the establishments she frequents with her family are at the first floor level, her father dropped her off on the first floor before parking the van. (Pl.'s Facts & Law ¶¶ 11, 22, & 33.)

According to Plaintiff, this arrangement caused her humiliation and even endangered her personal safety. (*Id.* ¶¶ 31 & 33.) Plaintiff alleges that she was injured because Defendant's facility was not fully accessible and failed to provide an integrated and equal setting for the disabled.

Although Defendant eventually made changes to the Garage to add accessible spaces to other floors, these changes were not made in time to render Plaintiff's claims moot for the purposes of Defendant's motion for summary judgment. (Def.'s Facts & Law ¶ 63.) The added parking does not include van-accessible spaces. (*Id.*)

Parties have agreed to waive the cross examination of witnesses, asking instead that the Court review and rely upon affidavits from those witnesses. (ECF No. 101.)

## LEGAL STANDARDS

Title II of the ADA concerns access to public services and provides as follows: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 U.S.C. § 12132. Plaintiff also brings suit under Section 504 of the Rehabilitation Act, which provides that: "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Generally, claims under the two statutes are treated as identical. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999) ("Because Section 504 of the Rehabilitation Act and the ADA impose identical requirements, we consider these claims in tandem."); *Eskenazi–McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 231 (E.D.N.Y. 2015) ("Claims under Title II of the ADA and Section 504 of the Rehabilitation Act are analyzed identically.").

Plaintiff's state claims for disability discrimination are treated identically, as well, because they are governed by the same legal standards as ADA claims. *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551(ENV)(LB), 2013 WL 6835157, at *5 (E.D.N.Y. Dec. 20, 2013); *see Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) ("A claim of disability discrimination under New York State Human Rights Law is governed by the same legal standards as govern federal ADA claims.") (internal citations omitted); *Panzica v. Mas–Maz, Inc.*, No. 05-CV-2595(ARL), 2007 WL 1732123, at *5 n.1 (E.D.N.Y. June 11, 2007) (noting claims arising under NYSHRL and New York Civil Rights Law "are governed by the same legal standards as federal ADA claims.").

Plaintiff bears the burden of proving she is entitled to relief by a preponderance of the evidence. *See Stewart v. N.Y. City Transit Auth.*, No. 99-CV-1601(ARR), 2001 WL 279772, at *1 (E.D.N.Y. Feb. 16, 2001).

# DISCUSSION

Plaintiff claims that the main issue in this matter is whether ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") provision 28 C.F.R. Pt. 36, App. A § 4.1.2(5)(b) overrides ADAAG provision 28 C.F.R. Pt. 36, App. A § 4.6.2. (Pl.'s Facts & Law ¶ 21.) This Court disagrees. The regulations can in fact co-exist. Defendant violated § 4.6.2 by making all accessible spots van accessible and putting them all on the same floor instead of dispersing accessible spots around accessible entrances on each floor. The § 4.6.2 violation, however, was not that all van accessible spaces were on the same floor as such a practice is permissible under § 4.1.2(5)(b). If Defendant had originally placed accessible spaces on each floor at the accessible entrances and still grouped all of its van accessible spaces on the lower level at the time of Plaintiff's Complaint, it would have been in compliance with both § 4.1.2(5)(b) and § 4.6.2. The van accessible spaces may remain grouped on one level and, as long as there is at least one per every eight accessible spaces. *See* United States Access Board, *Chapter 5: Parking Spaces*, https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking (last visited Aug. 2, 2019) ("[W]here a parking facility has entrances/exits or direct connections to an adjacent building on multiple levels, standard accessible spaces must be dispersed among accessible entrances on different levels, but van spaces can be grouped on one level under all conditions."); United States Department of Justice, *ADA Compliance Brief*, https://www.ada.gov/restriping_parking/restriping2015.html (last accessed Aug. 2, 2019) ("Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement)."). Therefore, the main issue is not whether one regulation overrides the other, but whether Plaintiff has standing to bring this suit at all.

4

Article III requires federal courts to adjudicate actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. To ensure that there is a case or controversy, the Supreme Court has held that parties before federal courts must have standing to bring their claims. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 321 (S.D.N.Y. 2018). A plaintiff has standing if she has suffered "(1) an injury that is (2) 'fairly traceable to a defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.' " *Id.* 560–61 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984) ). To establish standing, the injury must be an injury in fact, meaning "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not 'conjectural' or 'hypothetical.' " *Id.* at 560 (citations and quotation marks omitted). When a claim arises from a civil rights statute, such as the ADA, courts must exercise special care in conducting a standing analysis. *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 255 (S.D.N.Y. 2018).

Although, at the time Plaintiff initiated this action, Defendant was in violation of § 4.6.2, Plaintiff fails to show by a preponderance of the evidence that she was injured by this violation or suffered any other injury due to Defendant's unlawful conduct. The requirements for the location of accessible parking spaces are outlined in § 4.6.2:

> Accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances.

However, under § 4.1.2(5)(b), at least one of every eight accessible spaces must be van accessible, and those spaces "may be grouped on one level of a parking structure."

This Court has already determined that Defendant was in violation of § 4.6.2 as a matter of law when all of its accessible spaces were grouped together in the lower floor of the Garage. *Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 655 (S.D.N.Y. 2017).

The issue remains, however, whether Plaintiff was in fact, and in particular, injured by this violation, and the Court finds no such injury. Defendant renovated its Garage to include accessible spaces on other levels of the Garage, but those spaces are not van-accessible spaces. (Def.'s Facts & Law ¶ 63.) All van accessible spaces remain on the lower floor of the Garage, as permitted by § 4.1.2(5)(b). By her own testimony, Plaintiff is only able to travel by a "wheelchair van" or a para transit bus. (Pl. Tr. 8: 5 – 22, ECF No. 31-3.) The accessible van requires a van accessible space, meaning "a clear access aisle adjacent to a parking space." (Pl.'s Trial Affidavit ¶ 24.) Therefore, the Court may infer that when Plaintiff travels to the establishments adjoining the Garage with her family, she does so in an accessible van and her family requires a van accessible space in which to park their vehicle. Plaintiff cannot use the standard accessible spaces so Defendant's addition of those spaces to the other Garage floors with accessible entrances, including the first floor, did not redress her injury. In fact, Plaintiff suffered no injury in the first place because Defendant had provided sufficient van accessible spaces and permissibly grouped them on the same floor; Defendant had simply failed to distribute accessible spaces to all accessible entrances which again, would not have affected Plaintiff because nothing in § 4.6.2 or § 4.1.2.(5)(b) requires van accessible spaces to be spread between floors or to be located on a plaintiff's floor of preference.

"Even where a plaintiff personally encounters conditions that allegedly violate the ADA, . . . such encounter must cause an injury that is both concrete and particular to the plaintiff in order to be sufficient to establish standing." *Feltzin v. Triangle Prop. #1, LLC*, No.

14-CV-5131(JMA)(ARL), 2016 WL 11599264, at *4 (E.D.N.Y. Dec. 15, 2016). A plaintiff has not suffered a particularized injury if she cannot show that she was affected by the violation of the law. *See Perdum v. Forest City Ratner Co.*, 174 F. Supp. 3d 706, 717 – 18 (E.D.N.Y. 2016) (noting that while the plaintiff alleged the defendant violated the ADA's garage height requirement for van accessible spaces, "[the p]laintiff himself was unaffected by any alleged height defect plaguing the [ ] garage, as he is not bound to a wheelchair, which would require the use of a handicap-accessible van"). Although Plaintiff observed that the Garage did not have accessible parking spaces distributed to all accessible entrances, that encounter did not cause her, in particular, injury; she remained able to use the van accessible spaces and was not personally discriminated against based on her disability by the absence of standard accessible spaces on other floors of the Garage.[1]

This case is similar to *Kornblau v. Dade County*, 86 F.3d 193 (11th Cir. 1996). There, the defendant maintained several parking lots with appropriate accessible spaces. *Id.* at 194. The parking lot closest to the entrance of the defendant's building, however, was reserved with marked spaces for the county commissioners and certain other county officials. *Id.* The plaintiff, who was not a county employee, brought an ADA claim alleging that the defendant violated § 4.6.2 because the spaces closest to the entrance of the building were not handicapped accessible. *Id.* at 194 – 95. The Eleventh Circuit affirmed the lower court's decision to grant summary judgment for the defendant because the "regulations do not prohibit having separate lots for employees and visitors." *Id.* at 195. The court held that because the defendant could

---

[1] The Court is aware that in its opinion on Defendant's motion for summary judgment, it stated that Plaintiff experienced discrimination when she encountered non-compliant barriers relating to her disability and that this was a sufficient injury for standing. *Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 656 (S.D.N.Y. 2017). However, that holding was made in the context of Defendant's specific standing argument in its motion, that Plaintiff lacked standing because she was never in the van when her father parked it on the Garage's lower level. The Court is not bound by that determination when considering the separate and distinct standing issue here.

have a separate lot for employees, the plaintiff failed to show that she was denied a public benefit and therefore had no standing. *Id.* at 195 – 96.

Likewise, the regulations do not prohibit grouping all van accessible spaces on one floor, and Plaintiff fails to show that she suffered an injury fairly traceable to illegal action by the Defendant. One of the vital functions of standing is to ensure "that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 191 (2000). The vindication of the public interest is not an individualized, concrete stake. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 576 (1992). As Plaintiff can show no injury in fact, beyond encountering conditions which violated the ADA, she has no standing to bring this suit.

## CONCLUSION

For the foregoing reasons, the Court finds in favor of Defendant. The Clerk of the Court is directed to enter judgment in Defendant's favor and close this case.

Dated: August 5, 2019                          SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge